IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN ANDRE MITCHELL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0538 |
| | : | |
| UNIVERSITY CITY CAMPUS COPS | : | |
| OF PHILADELPHIA, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                             **FEBRUARY 26, 2019**

On February 6, 2019, *pro se* Plaintiff Marvin Andre Mitchell, who is currently incarcerated at the House of Correction in Philadelphia, filed this civil action pursuant to 42 U.S.C. § 1983 against the "University City Campus Cops of Philadelphia." (ECF No. 1.) By Order entered on February 8, 2019, the Court directed Mitchell to either submit $400.00 to the Clerk of Court or file a motion for leave to proceed *in forma pauperis* with a certified copy of his prisoner account statement within thirty (30) days. (ECF No. 3.) Mitchell subsequently filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4) and a copy of his account statement (ECF No. 5). For the following reasons, the Court will grant Mitchell leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.    FACTS**

In his Complaint, Mitchell mentions that in February 2015, he was arrested by "University City campus cops" when they were "off duty and outside [their] jurisdiction." (Compl. at 5.)[1] Mitchell states that he was "illegally convicted" by Judge Karen Y. Simmons

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

and sentenced to one (1) year of probation. (*Id.*) Subsequently, Mitchell spent eight (8) months at the Curran-Fromhold Correctional Facility ("CFCF") for a probation violation and another six (6) months at the House of Correction for another violation. (*Id.*) Mitchell claims that he "max[ed] out [his] time." (*Id.*) He alleges that he "did illegal jail time" because the Commonwealth "has no a[u]thority to overturn reverse or modify any criminal case and the same rule go[es] for judges." (*Id.*) He states that he wants to "sue the University City campus police" and if [he] can sue the judge and Seth R. Williams" he would like to do that as well. (*Id.*) As relief, Mitchell asks for the conviction to be expunged from his record. (*Id.* at 7.) He also seeks damages for illegal arrest, false imprisonment, and illegal conviction. (*Id.*)

Public dockets reflect that on February 7, 2015, Mitchell was arrested on charges of theft by unlawful taking-moveable property and receiving stolen property. *Commonwealth v. Mitchell*, Docket No. MC-51-CR-0003908-2015 (Phila. Municipal Ct.). On March 31, 2015, Judge Simmons sentenced him to a year of probation. *Id.* On October 8, 2015, Mitchell was found to be in violation of his probation and sentenced to a minimum of three (3) months and a maximum of twelve (12) months of confinement. *Id.* On May 30, 2017, Mitchell was again found to be in violation of his probation and was "[s]entenced to Backtime with credit for time served." *Id.*

## II.    STANDARD OF REVIEW

The Court will grant Mitchell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

---

[2] However, as Mitchell is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mitchell is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint fails to state a cognizable claim for relief.

### A. Discussion of the Named Defendant(s)

As noted above, Mitchell has named the "University City Campus Cops of Philadelphia" as the Defendant in this matter. To the extent that "University City Campus Cops of Philadelphia" refers to the University of Pennsylvania Police Department, that entity is not capable of being sued under § 1983. *See Fleck v. Trs. Of Univ. of Pa.*, 995 F. Supp. 2d 390, 402 (E.D. Pa. 2014). Rather, the Trustees of the University of Pennsylvania is the proper entity to sue. *See Gaines v. Univ. of Pa. Police Dep't*, No. 97-3381, 1997 WL 624281, at *3 (E.D. Pa. Oct. 7, 1997) (noting that "Penn's relationship to the Penn Police should be considered analogous to a municipality's relationship with its police department"). However, to maintain a claim against the Trustees, Mitchell must allege that an official custom or policy caused the

alleged violations of his constitutional rights. *See Bynum v. Trs. of Univ. of Pa.*, 115 F. Supp. 3d 577, 588 (E.D. Pa. 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). The Complaint, however, fails to allege this. Accordingly, Mitchell cannot maintain his claims against "University City Campus Cops of Philadelphia" or the Trustees.

Mitchell also indicates that he would like to sue Judge Simmons and Seth Williams. (Compl. at 5.) It appears that Michell seeks to proceed against Judge Simmons based on the way she presided over Mitchell's state criminal proceedings. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, to the extent Michell seeks to proceed against Judge Simmons, his claims must be dismissed as legally baseless because they are based on acts taken in her judicial capacity. Moreover, if Mitchell desires to proceed against Seth Williams based upon his role in pursuing Mitchell's prosecution on behalf of the Commonwealth, the District Attorney is entitled to absolute immunity from such claims. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

### B. Discussion of Mitchell's Claims

It appears that Mitchell seeks to hold the "University City Campus Cops of Philadelphia" liable for false arrest. Pennsylvania's two-year limitations period applies to Mitchell's false arrest claim. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Mitchell's claim accrued when he "ha[d] a complete and present cause of action, that is, when [he could] file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Pursuant to the prison mailbox rule, a prisoner's complaint is

4

considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

Here, Mitchell's false arrest claim accrued on February 7, 2015, when he was arrested on the charges brought against him. *See Wallace*, 549 U.S. at 389-90 & n.3; *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (concluding that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him").[3] Thus, the limitations period applicable to this claim expired in 2017. Mitchell, however, did not file his Complaint until January 31, 2019, the date he says he gave it to prison authorities for mailing. (*See* Compl. at 10.) Mitchell's claim of false arrest is, therefore, untimely filed by approximately two (2) years.

Mitchell also seeks to his conviction removed from his record and to receive damages for false imprisonment (apparently from his probation violations) and illegal conviction. His claims of wrongful incarceration, however, are not cognizable under § 1983 at this time. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, any attempts by Mitchell to vacate his conviction and

---

[3] Arguably, Mitchell's false arrest claim could have accrued when he was arraigned on the charges. *See Wallace*, 549 U.S. at 397 (noting that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"). However, the public docket reflects that Mitchell was arraigned on February 7, 2015, the same date that he was arrested.

sentence must be pursued in a *habeas* case, after exhausting state remedies, rather than a civil rights action.

Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012). As Mitchell's conviction and sentence have not been reversed, expunged, or otherwise invalidated, any claims that challenge his convictions are not currently cognizable under § 1983. In other words, Mitchell cannot raise claims challenging the constitutionality of any aspect of the proceedings leading to his convictions and sentences at this time.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Mitchell leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). Any claims against "University City Campus Cops of Philadelphia" and, to the extent Mitchell is proceeding against them, any claims against Judge Simmons and Seth Williams, will be dismissed with prejudice. Mitchell's false arrest claim will be dismissed with prejudice as time-barred. Mitchell's claims regarding illegal conviction and false imprisonment, and any other claims challenging his conviction and sentence, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), will be dismissed without prejudice to Mitchell's right to raise them in a new lawsuit only if he is successful in challenging his conviction and sentence in state court or federal *habeas* proceedings. Mitchell will not be permitted to file an amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**United States District Judge**